IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NOELLE PEPITONE, individually and on behalf of other similarly situated employees and former employees, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 17 CV 08169 |
| vs. | ) ) | Judge |
| DOVENMUEHLE MORTGAGE, INC., | ) ) ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

1. This is an individual, collective, and class action brought by Plaintiff NOELLE PEPITONE, on behalf of herself (hereinafter "Plaintiff" and/or "Pepitone") and other similarly situated employees and former employees of Defendant DOVENMUEHLE MORTGAGE, INC., (hereinafter "Defendant" and/or "DMI") for purposes of obtaining relief under the federal Fair Labor Standards Act of 1938 as amended, 29 U.S.C. §201, *et. seq.* (hereinafter "FLSA"), and the Illinois Minimum Wage Law, § 820 ILCS 105/1 *et. seq.* (hereinafter "IMWL"), for declaratory relief, injunctive relief, unpaid compensation, unpaid overtime compensation, liquidated damages, punitive damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

2. DMI has willfully violated the FLSA and IMWL by intentionally failing and refusing to pay Plaintiff Pepitone and all other employees similarly situated ("putative class"), compensation due them under the FLSA, IMWL, and their implementing regulations. Defendant DMI has willfully violated the FLSA, and IMWL by intentionally failing and refusing to pay Plaintiff Pepitone and the putative class overtime compensation at the rate of one and one-half

(1½) times the "regular rate" for the hours worked in excess of the hours provided for in the FLSA, and IMWL.

## JURISDICTION

3. Jurisdiction over this action is conferred on this Court by 29 U.S.C. §216(b) and, 28 U.S.C. §§1331, 1337, and 1367.

4. Declaratory relief is authorized under 28 U.S.C. §§2201-2202, and 29 U.S.C. §216(b).

5. This court is the proper venue pursuant to 28 U.S.C. §1391(b).

## PARTIES

6. Plaintiff Pepitone was an "employee" of Defendant DMI, within the meaning of FLSA, 29 U.S.C. § 203(e), and IMWL, § 820 ILCS 105/3. She is an adult resident citizen of the Northern District of Illinois, and during the three years prior to the filing of this Complaint (hereinafter "relevant period"), Pepitone worked in a non-exempt position in a DMI call center. Plaintiff's signed consent to be a party plaintiff hereto is attached as Exhibit 1.

7. Defendant DMI provides mortgage subservicing programs for commercial banks, thrift institutions, credit unions, mortgage bankers, and state and other housing finance agencies. As such, Defendant's services qualify as an enterprise engaged in commerce as defined by the FLSA. Defendant is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1 Corporate Drive, Suite 360, Lake Zurich, Illinois 60047. At all times relevant to this complaint, Defendant was the employer of the Plaintiff.

## FACTS COMMON TO ALL CLAIMS

8. During the relevant period, Plaintiff Pepitone was employed by Defendant DMI as a non-exempt employee in DMI's call center, whose primary job duty was working in the customer service department at a call center.

9. During the relevant period, Pepitone was scheduled to work forty (40) hours per week by her employer, DMI.

10. During the relevant period, the DMI did not pay Pepitone one and one-half (1½) times her regular rate of pay for the hours she worked in excess of forty (40) hours per week, as required under the FLSA and IMWL.

11. Plaintiff Pepitone and the putative class are and were compensated on an hourly basis.

12. Defendant knew that the Plaintiff Pepitone and the putative class performed work that required payment of wages and overtime compensation. Defendant has operated under a scheme to deprive these employees of the requisite compensation by failing to properly compensate Pepitone and the putative class for all hours worked in excess of forty (40) in a given work week at one and one-half (1½) times their regular rate of pay.

13. During the relevant period, Defendant DMI administered a non-discretionary "bonus" program for its non-exempt call center employees that resulted in Pepitone and the putative class being paid at a rate less than one and one-half (1½) times their regular rate when any of them earned a "bonus" and worked more than forty (40) hours in a week.

14. Specifically, the non-discretionary "bonus" program that resulted in additional "bonus" money being paid out in a given paycheck to Pepitone and the putative class is

performance-based wherein non-exempt members call center employees must first meet certain work quotas based on activity in order to qualify for a "bonus" payment.

15. Defendant failed to include any of the "bonus" payments paid to Pepitone and any of its non-exempt call center employees into its calculation of the regular rate for these employees.

16. Incentive, or "bonus," payments such as those made by DMI to Plaintiff Pepitone and the putative class, are not excluded from the regular rate under 29 U.S.C. 207(e), and therefore, should have been included in the regular rate of pay.

17. Defendant's DMI's conduct, as set forth in this complaint, was willful, not in good faith, and caused damages to Plaintiff Pepitone and the putative class.

18. Defendant DMI violated and continues to violate the FLSA and the IMWL by failing to include "bonus" money earned by non-exempt call center employees into their regular rate of pay when they work in excess of 40 hours per week.

19. The similarly situated employees include one putative class, defined as follows: All current and former DMI employees who, on or after November 10, 2014, worked any one or more of the Defendant's call centers and earned "bonus" pay in at least one work week where they worked in excess of 40 hours in that week.

## COUNT I:
## VIOLATION OF THE FLSA
**(Collective Action for Declaratory Relief and Monetary Damages)**

20. Plaintiff Pepitone brings this action on behalf of herself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).

21. During the relevant period, Pepitone and the putative class worked in excess of forty (40) hours in at least one 7-day work week and were not paid their full overtime compensation by the Defendant.

22. Pursuant to FLSA 29 U.S.C. § 207(a)(1), Defendant violates FLSA overtime requirements by failing to provide full overtime compensation to representative Plaintiff Pepitone and the putative class for hours worked in excess of forty (40) per week at a rate not less than one and one-half (1½) times the regular rate at which they are employed.

23. This claim for declaratory relief, monetary damages, liquidated damages, attorney's fees, and costs is properly brought under and maintained as an opt-in Collective Action pursuant to the FLSA, 29 U.S.C. § 216(b), by Plaintiff Pepitone and on behalf of the putative class.

24. Plaintiff Pepitone and the putative class are, and have been, similarly situated, have and have had, substantially similar job requirements and pay provisions, and are, and have been, subject to DMI's decision, policy, plan, and common policies, programs, practices, procedures, protocols, routines, and rules. The claims of the representative Plaintiff Pepitone stated herein are the same as those of the putative class.

25. Plaintiff Pepitone, individually and on behalf of the putative class, seeks relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to failing to pay employees at one and one-half (1½) times their regular rate for overtime hours worked.

26. Plaintiff Pepitone's experiences are typical of the experiences of the putative class.

27. A collective class is readily ascertainable. For purpose of notice and other

purposes related to this action, their names, email addresses, phone numbers, and home addresses are readily available from DMI. Notice can be provided to the putative class via first class mail to the last address known and/or through email.

28. The foregoing conduct of Defendant DMI is in willful violation of the rights of Plaintiff Pepitone and the putative class under the Fair Labor Standards Act of 1938, as amended.

### **RELIEF**

WHEREFORE, Plaintiff Pepitone and the putative class respectfully request that this Court:

A. At the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly situated current and former DMI employees of this action and their rights to participate in this action. Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing said employees that it is illegal for DMI to take any actions in retaliation of their consent to join this action;

B. Enter a declaratory judgment declaring that the Defendant DMI has willfully, intentionally and wrongfully violated its statutory obligations and deprived the Plaintiffs, and all others similarly situated, of their entitlement under the FLSA, by:

   i. Failing to include all remuneration into its calculation of the regular rate;

   ii. Failing to pay them at a rate not less than one and one-half (1½) times the regular rate at which they are/were employed when they work in excess of forty (40) hours per week; and

   iii. Violating any other statutory obligations to which Plaintiff Pepitone and the putative class are entitled to under the FLSA.

C. Award each Plaintiff monetary damages in the form of overtime compensation and liquidated damages equal to his or her unpaid compensation and overtime compensation;

D. Award Plaintiffs their reasonable attorney's fees, costs and expenses, to be paid by Defendant; and

E. Grant such other relief as may be just and proper.

## COUNT II:
## VIOLATION OF STATE LAW IMWL
**(Class Action Pursuant to Fed. R. Civ. P. 23)**

29. Count III fully incorporates all facts in paragraphs 1 – 28 as if fully stated herein.

30. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4(a).

31. Defendant violated the IMWL, 820 ILCS 105/4(a), by refusing to compensate Plaintiff Pepitone and the putative class at the appropriate rate for overtime hours at a rate not less than one and one-half (1½) times the regular rate at which they were employed.

32. Pursuant to 820 ILCS 105/12(a), Plaintiff Pepitone and the putative class are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayment.

33. Plaintiff Pepitone and the putative class are entitled to equitable relief, including injunctive and declaratory relief, in accordance with the IMWL and Fed. R. Civ. P. 23.

34. The Defendant's violation of the IMWL was willful in that the Defendant was aware, or should have been aware, of its obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

35. This action is brought as a class action pursuant to Fed. R. Civ. P. 23(a) and (b) because the putative class is so numerous that joinder of all class members is impracticable.

36. Plaintiff Pepitone and the putative class have all been affected by Defendant's unlawful non-payment of compensation and wages.

37. Plaintiff Pepitone's experiences are typical of the experiences of the putative class employed by Defendant.

38. The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations, if any, which may exist between the members of the class.

39. Plaintiff Pepitone and the putative class have a commonality of interest in the subject matter and the remedy sought.

40. Plaintiff is able to fairly and adequately represent and protect the interests of the putative class.

41. Plaintiff's counsel is competent and experienced in litigating large wage and hour class and collective actions.

42. If individual actions were required to be brought by each member of the classes injured or affected, the result would be a multiplicity of actions, creating a hardship to Plaintiff and the putative class, to the Court and to Defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

## **RELIEF**

WHEREFORE, Plaintiff Pepitone and the putative class respectfully request that this Court:

A. Enter a declaratory judgment declaring that the Defendant has willfully, intentionally, and wrongfully violated its statutory obligations and deprived Plaintiff Pepitone and the putative class of their entitlements under the IMWL;

B. Enter injunctive relief enjoining Defendant from violating the IMWL;

C. Determine that this action may be maintained as a class action, pursuant to Fed. R. Civ. P. 23;

D. Appoint Plaintiff Pepitone as Class representative;

E. Appoint Plaintiff's Counsel as Counsel for the Class;

F. Award Plaintiff Pepitone and the putative class monetary damages in the form of unpaid overtime wages due and owing for each hour they worked for which the Defendant failed to pay the Plaintiff and the putative class at a rate equal to one and a half times the regular rate at which they were employed;

G. Award Plaintiff and the putative class compensation and liquidated damages equal to their unpaid compensation,

H. Award Plaintiff Pepitone and the putative class reasonable attorney's fees, costs, and expenses, to be paid by Defendant;

I. Award Plaintiff Pepitone and the putative class statutory, penalty, and/or punitive damages pursuant to the IMWL;

J. Award Plaintiff Pepitone and the putative class pre-judgment interest pursuant to 815 ILCS 205/2; and

K. Grant such other relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Respectfully Submitted,

*s/ Paul D. Geiger*
PAUL D. GEIGER

Law Offices of Paul D. Geiger
540 W. Frontage Road
Suite 3020
Northfield, Illinois 60093
(312) 609-0060