# Exhibit 1: Settlement Approval Order

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NOELLE PEPITONE, individually and on behalf of other similarly situated employees and former employees, ) ) ) ) | | |
| Plaintiff, ) | No. 17 CV 08169 | |
| ) | | |
| vs. ) | Judge Edmond E. Chang | |
| ) | | |
| DOVENMUEHLE MORTGAGE, INC., ) | Magistrate Judge Young B. Kim | |
| ) | | |
| Defendant. ) | Jury Demanded | |

**[PROPOSED] ORDER GRANTING APPROVAL OF COLLECTIVE ACTION SETTLEMENT, SERVICE AWARD, AND ATTORNEYS' FEES AND COSTS, AND AUTHORIZING NOTICE AND CONSENT FORM**

The above-entitled matter came before the Court on Plaintiff's Motion for Approval of Settlement, Service Awards, and Attorneys' Fees and Costs ("Motion for Settlement Approval"). After reviewing the Motion for Settlement Approval, the supporting Memorandum of Law in Support of the Motion for Settlement Approval (the "Memorandum"), the Settlement Agreement, and the Declaration of Paul D. Geiger ("Geiger Decl.") and supporting exhibits, the Court hereby finds as follows:

**The Settlement Is Approved**

1. The Court hereby approves the total settlement amount for this Litigation of Seventy-Three Thousand Eight Hundred and Fifty ($73,850.00) (based upon full participation by all Class Members), and incorporates by reference all of the definitions contained in the Settlement Agreement.

2. Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. *See, e.g., Lynn's Food Stores, Inc. v. United States*, 679

F.2d 1350, 1355 (11th Cir. 1982); *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 994-95 (N.D. Ind. 2010); *see also Butler v. Am. Cable & Telephone, LLC,* No. 09 Civ. 5336, 2011 WL 4729789, at *8-9 (N.D. Ill. Oct. 6, 2011). If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement. *Lynn's Food Stores,* 679 F.2d at 1354; *Roberts v. Apple Sauce, Inc.,* No. 12 Civ. 830, 2014 WL 4804252, at *2 (N.D. Ind. Sept. 25, 2014). "It is a well settled principle that the law generally encourages settlements." *Dawson v. Pastrick,* 600 F.2d 70, 75 (7th Cir. 1979).

3. The Court finds: (a) the Settlement Agreement is fair, reasonable and adequate, and is in the best interests of the Class Members; (b) the Settlement Agreement is the result of arm's length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues in this case in particular, and, therefore, meets the requirements for approval; (c) the strength of the one hundred and ninety-three (193) potential Class Members' claims weighed against Defendant's potential defenses, and the complexity, length and expense of further litigation support approval of the Settlement Agreement; (d) the potential Gross Settlement Amounts to be paid to Class Members who opt into the Settlement, which total Thirty-Seven Thousand Two Hundred Dollars ($37,200.00) if all Class Members opt into the Settlement, is a fair, reasonable and adequate settlement of the claims asserted on behalf of the Class Members; (e) the support for the Settlement Agreement expressed by Counsel for Plaintiff and Defendant, who have significant experience representing parties in complex class actions, including those involving wage and hour claims, weighs in favor of approval of the Settlement Agreement; and (f) the litigation has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

**The Settlement Procedure Is Approved**

4. A one-step settlement approval process is appropriate. *See, e.*g., *Prena v. BMO Fin. Corp.*, No. 15 Civ. 9175, 2015 WL 2344949, at *1 (N.D. Ill. May 15, 2015) (approving one-step approval process). Collective actions under 29 U.S.C. § 216(b) require workers to affirmatively opt-in to the litigation, unlike in a Federal Rule of Civil Procedure 23 class action. *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013); *see also Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013) ("Rule 23 actions are fundamentally different from collective actions under the FLSA."). Because the failure to opt in to an FLSA lawsuit does not prevent potential members of the collective from bringing their own suits in the future, *McKenna v. Champion Int'l Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984), *abrogated on other grounds by Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989), FLSA collective actions do not implicate the same due process concerns as do Rule 23 actions, *Beckman v. KeyBank,* N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013); *see also Woods v. N.Y. Life Ins. Co.,* 686 F.2d 578, 579-80 (7th Cir. 1982*)* (discussing due process concerns present in Rule 23 class action that are not present in FLSA collective actions).

5. The proposed Notice of Proposed Settlement of a Collective Action Lawsuit ("Notice") and Consent to Join FLSA Settlement, Release, and Claim Form ("Claim Form") attached to the Settlement Agreement are approved. Plaintiffs shall make any necessary corrections to the dates in the Notice and Claim Form. The Notice and Claim Form sufficiently inform Class Members of the terms of the Settlement, including the allocation formula, how Class Members may participate (or not participate), the estimated amount to which they are entitled, the scope of the release, and the request for attorneys' fees and costs. *See Prena v. BMO Fin. Corp.*, No. 15 Civ. 09175, 2015 WL 2344949, at *1 (N.D. Ill. May 15, 2015) (approving

3

one-step notice when it was "sufficiently in plain English to explain the important points: the terms of the settlement, the allocation formula, the amount of the entitlement, how to opt-in, and that cashing the check is equivalent to releasing the claim"); *Zolkos v. Scriptfleet, Inc.*, No. 12 Civ. 8230, 2014 WL 7011819, at *6 (N.D. Ill. Dec. 12, 2014) (approving class notice that, *inter alia*, described settlement terms and fee allocation); *Tobin v. Beer Capitol Distributing Inc.*, No. 12 Civ. 274, 2012 WL 5197976, at *3 (E.D. Wis. Oct. 19, 2012) (same); *see also Bozak v. FedEx Ground Package Sys., Inc.*, No. 11 Civ. 738, 2014 WL 3778211, at *3 (D. Conn. July 31, 2014) (approving FLSA notice providing notice of settlement terms and options facing class). Thus, the Court finds that the Notice and Claim Form provide adequate notice to Class Members under the circumstances, meet the requirements of due process and otherwise satisfy the requirements of 29 U.S.C. §216(b).

6. The Court finds that all Class Members who sign and return their Claim Forms to Plaintiff's Counsel have opted in to the Settlement and authorized Plaintiff's Counsel to file with the Court their Claim Forms. The Court orders Plaintiff's Counsel to file with the Court all Claims Forms signed and returned by Class Members within seven (7) days of receipt.

7. The plan for sending the Notice and Claims Form as proposed by Plaintiff is approved.

**The Service Award Is Approved**

8. The Service Award of $2,000.00 to Named Plaintiff is approved. The Service Award shall be paid by Defendant and is ***in addition to (and not a percentage of)*** the settlement amounts paid to Class Members.

9. Incentive awards serve the important purpose of compensating plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by

becoming and continuing as a litigant, and any other burdens sustained by the plaintiffs. *See, e.g., Espenscheid v. DirectSat USA, LLC,* 705 F.3d 770, 776-777 (7th Cir. 2013); *Cook v. Niedert,* 142 F.3d 1004, 1016 (7th Cir. 1998). Accordingly, service payments are commonly awarded to those who serve the interests of the class. *Prena v. BMO Fin. Corp.,* 2015 U.S. Dist. LEXIS 6547, at *3 (N.D. Ill. May 15, 2015); *Hawkins v. Securitas Sec. Servs. USA, Inc.,* 280 F.R.D. 388, 395 (N.D. Ill. 2011).

10. In examining the reasonableness of a requested service award, courts consider: (1) the actions the plaintiffs have taken to protect the interests of the class, (2) the degree to which the class has benefited from those actions, and (3) the amount of time and effort the plaintiffs expended in pursuing the litigation. *Cook, 142 F.3d at 1016*; *Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.,* No. 07 Civ. 2898, 2012 U.S. Dist. LEXIS 25265, 2012 WL 651727, at *16 (N.D. Ill. Feb. 28, 2012).

11. Here, Named Plaintiff satisfies all three factors. First, the Named Plaintiff took substantial actions to protect the interests of potential collective action members, and those actions resulted in a substantial benefit to those potential collective action members. She participated in an extensive pre-suit investigation, provided documents crucial to establishing Plaintiff's claims, and assisted Plaintiff's Counsel in analyzing documents during the informal discovery process. Courts in this district have approved higher incentive awards for similar activities. *Spicer v. Chicago Bd. Options Exch., Inc.,* 844 F. Supp. 1226, 1267-68 (N.D. Ill. 1993). Second, Named Plaintiff undertook substantial direct and indirect risk by agreeing to bring the action in her name, to be deposed if necessary, and to testify if there was a trial. In so doing, Named Plaintiff assumed significant risk that "should the suit fail, [she could] find [herself] liable for the defendant's costs or even, if the suit [was] held to have been frivolous, for

5

the defendant's attorneys' fees." *Espenscheid,* 688 F.3d at 776-77.  Third, Named Plaintiff spent a significant amount of time and effort in pursuing this litigation on behalf of the Class Members. This included the time and effort she expended in pre-litigation assistance to Plaintiffs' Counsel in investigating the claims brought, the time and effort she spent in assisting in the preparation and review of the complaint and assorted documents shared by Defendant in the informal discovery process.  *See In re Sw. Airlines Voucher Litig.*, 2013 U.S. Dist. LEXIS 120735 *11 (N.D. Ill. Aug. 26, 2013), *appeal dismissed* (Jan. 3, 2014).

12. Accordingly, service award of $2,000.00 to Named Plaintiff, Noelle Pepitone for her service to the class is approved and shall be paid as provided in the Settlement Agreement.

**Attorneys' Fees and Costs Are Approved**

13. The Court approves the payments to Plaintiff's Counsel of Thirty-Five Thousand Four Hundred Dollars ($35,400.00), for attorneys' fees and costs, and Three Thousand Seven Hundred and Fifty ($3,750.00) for fees and costs to administer the settlement claims in this matter, as provided in the Settlement Agreement, both of which are ***in addition to and separate from*** the settlement amounts to be paid to the Class Members.

14. The Thirty-Five Thousand Four Hundred Dollars ($35,400.00), paid to Plaintiff's Counsel for attorneys' fees and costs is approved.  Plaintiff's Counsel represent that this amount reflects a significant compromise as it is substantially less than Counsel's fees based on their lodestar calculations (hours multiplied by the respective attorneys' hourly rate).  In addition, the attorney fee award represents a fair and reasonable amount when considering the time Plaintiff's Counsel has expended in investigating and researching the claims alleged, researching and drafting pleadings and settlement documents, engaging in extensive settlement discussions and correspondence, engaging in significant informal discovery, including the review of thousands of

pages of payroll records and data to substantiate the damages claim for each proposed Class Member.

15. Additionally, the attorney fee award covers the many hours Plaintiff's Counsel will expend in correspondence and contact with Class Members regarding legal questions and damages amounts and calculations, drafting of future court filings, and participating in the administration of the settlement fund. Finally, Plaintiffs' Counsel's request for reimbursement of Four Hundred ($400.00), in actual out-of- pocket expenses incurred in prosecuting this case is granted. The Court finds these costs to be reasonably incurred.

16. Additionally, Three Thousand Seven Hundred and Fifty Dollars ($3,750.00), paid to Plaintiff's counsel for fees and costs to administer the settlement claims is approved. This amount is substantially less than what Defendant would have paid to a settlement class administrator to administer the Settlement. Plaintiff's Counsel has in depth experience in administering smaller class size settlements and class certification mailings. The Court finds that Plaintiff's Counsel can and will perform its obligations to administer the pursuant to the Settlement Agreement. The Three Thousand Seven Hundred and Fifty Dollar ($3,750.00) amount, includes reimbursement for actual out-of- pocket expenses incurred in postage and courier fees, photocopies, and telephone calls. The Court finds these fees and costs to administer the Settlement to be reasonably incurred

**Release And Non-Admission of Liability**

17. The Settlement Agreement shall be binding on Defendant, Named Plaintiff, and all Class Members who opt into the Settlement as provided in the Settlement Agreement. The Court orders that any Class Members bound by the terms of the Settlement Agreement fully

release and discharge Defendant, as set forth in the Settlement Agreement, from all actions or causes of action, whether known or unknown.

18. Neither this Order, the Settlement Agreement, nor any other documents or information relating to the settlement of this action shall constitute, be construed to be, or be admissible in any other proceeding as evidence: (a) of an adjudication of the merits of the case; (b) an adjudication of any of the matters released in the Settlement Agreement; (c) that any party has prevailed in this case; and (d) that Defendant has engaged in any wrongdoing.

19. The Settlement Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Defendant, or the truth of any of the claims.

20. With respect to the payment of all settlement monies, disbursements, and taxes, Defendant, Defendant's Counsel, Named Plaintiff and Plaintiff's Counsel shall comply with all of the duties and requirements set forth in the Settlement Agreement and applicable federal, state, and local law.

**Dismissal and Post-Judgment Procedure**

21. This matter is dismissed without prejudice, without any cost to any of the parties except as provided in the Settlement Agreement. The dismissal without prejudice shall automatically convert to a dismissal with prejudice and final judgment 180 days after its entry, unless either Party files a motion to reinstate beforehand, and that the case may be reinstated only for the sole purpose of seeking to enforce, implement or interpret the terms of this Order and the Settlement Agreement, including the collection of any payments due under this Order

and the Settlement Agreement, or to ensure that all consents to join are filed with the Court, or by Defendant as provided in Section 2.5(E) of the Settlement Agreement.

22. The Clerk is directed to enter judgment and dismiss this case without prejudice upon the entry of this Order.

23. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

IT IS SO ORDERED.

Dated: May 2, 2018

_____
The Honorable Edmond E. Chang
United States District Court Judge